IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHANY DITZLER | : | |
| 1329 Jerusalem Chapel Road, | : | |
| Churchville, VA 24421 | : | CIVIL ACTION - MEDICAL |
| Plaintiff | : | |
| v. | : | |
| | : | |
| PINNACLEHEALTH OBSTETRICS | : | |
| AND GYNECOLOGY SPECIALISTS | : | PROFESSIONAL LIABILITY ACTION |
| 100 South 2nd Street, Suite 4A | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| PINNACLEHEALTH MEDICAL | : | |
| SERVICES | : | |
| 100 South 2nd Street, Suite 4A | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| UPMC PINNACLE HARRISBURG | : | |
| 100 South 2nd Street, Suite 4A | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| HARRISBURG HOSPITAL | : | |
| 100 South 2nd Street, Suite 4A | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| PINNACLEHEALTH | : | |
| 100 South 2nd Street, Suite 4A | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| PINNACLEHEALTH HOSPITALS, INC. | : | |
| 100 South 2nd Street, Suite 4A | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| PINNACLEHEALTH HARRISBURG | : | |
| HOSPITAL | : | |
| 100 South 2nd Street, Suite 4A | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| HANFORD NDLOVU | : | **COMPLAINT** |
| 100 South 2nd Street, Suite 4A | : | |
| Harrisburg, PA 17101 | : | |
| and | : | |
| BEVERLY A. HALL NDLOVU | : | |

100 South 2nd Street, Suite 4A                    :
Harrisburg, PA 17101                                             :
      and                                                          :
LEE BLECHER                                                        :
14 Canfield Ct.                                                        :
Potomac, MD 20854                                             :
                          Defendants          :

AND NOW, comes the plaintiff, Bethany Ditzler, by and through her attorney, Thomas F. Sacchetta, Esquire and respectfully represents as follows:

1.  Federal jurisdiction in this matter is asserted pursuant to 28 U.S.C. §1332. Venue is properly laid within the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b).

2.  This is a professional negligence claim against all defendants, arising from medical treatment rendered to plaintiff, Bethany Ditzler.

3.  Plaintiff, Bethany Ditzler, is an adult individual residing at 1329 Jerusalem Chapel Road, Churchville, VA 24421.

4.  Defendant, PinnacleHealth Obstetrics and Gynecology Specialists, is, upon information and belief,  a corporation, partnership, sole proprietorship, unincorporated association, medical facility or other legal entity existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 100 South 2nd Street, Suite 4A, Harrisburg, PA 17101 and is a citizen of Pennsylvania. Plaintiff is asserting a professional liability claim against this defendant.

5.  Defendant, PinnacleHealth Medical Services, is, upon information and belief,  a corporation, partnership, sole proprietorship, unincorporated association, medical facility or other legal entity existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 100 South 2nd Street, Suite 4A, Harrisburg, PA 17101 and

is a citizen of Pennsylvania. Plaintiff is asserting a professional liability claim against this defendant.

6.      Defendant, UPMC Pinnacle Harrisburg, is, upon information and belief,  a corporation, partnership, sole proprietorship, unincorporated association, medical facility or other legal entity existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 100 South 2nd Street, Suite 4A, Harrisburg, PA 17101 and is a citizen of Pennsylvania. Plaintiff is asserting a professional liability claim against this defendant.

7.      Defendant, Harrisburg Hospital, is, upon information and belief,  a corporation, partnership, sole proprietorship, unincorporated association, medical facility or other legal entity existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 100 South 2nd Street, Suite 4A, Harrisburg, PA 17101 and is a citizen of Pennsylvania. Plaintiff is asserting a professional liability claim against this defendant.

8.      Defendant, PinnacleHealth, is, upon information and belief,  a corporation, partnership, sole proprietorship, unincorporated association, medical facility or other legal entity existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 100 South 2nd Street, Suite 4A, Harrisburg, PA 17101 and is a citizen of Pennsylvania. Plaintiff is asserting a professional liability claim against this defendant.

9.      Defendant, PinnacleHealth Hospitals, Inc., is, upon information and belief,  a corporation, partnership, sole proprietorship, unincorporated association, medical facility or other legal entity existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 100 South 2nd Street, Suite 4A, Harrisburg, PA 17101 and is a citizen of Pennsylvania. Plaintiff is asserting a professional liability claim against this

defendant.

10      Defendant, PinnacleHealth Harrisburg Hospital, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association, medical facility or other legal entity existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 100 South 2nd Street, Suite 4A, Harrisburg, PA 17101 and is a citizen of Pennsylvania. Plaintiff is asserting a professional liability claim against this defendant.

11.      Defendant, Hanford Ndlovu, is, upon information and belief, a physician licensed to practice medicine in the Commonwealth of Pennsylvania with an office located at 100 South 2nd Street, Suite 4A, Harrisburg, PA 17101 and who resides at 1124 Edgewood Dr., Hummelstown, PA 17036. Defendant Hanford Ndlovu is a citizen of Pennsylvania. At all times relevant hereto, defendant, Dr. Hanford Ndlovu, was an agent, servant, workman or employee of PinnacleHealth Obstetrics and Gynecology Specialists, PinnacleHealth Medical Services, UPMC Pinnacle Harrisburg, Harrisburg Hospital, PinnacleHealth, PinnacleHealth Hospitals, Inc., and/or PinnacleHealth Harrisburg Hospital and provided treatment to plaintiff. Plaintiff is asserting a professional liability claim against this defendant.

12.      Defendant, Beverly A. Hall Ndlovu, is, upon information and belief, a physician licensed to practice medicine in the Commonwealth of Pennsylvania with an office located at 100 South 2nd Street, Suite 4A, Harrisburg, PA 17101 and who resides at 1124 Edgewood Dr., Hummelstown, PA 17036. Defendant Beverly A. Hall Ndlovu is a citizen of Pennsylvania. At all times relevant hereto, defendant, Dr. Beverly A. Hall Ndlovu, was an agent, servant, workman or employee of PinnacleHealth Obstetrics and Gynecology Specialists, PinnacleHealth Medical Services, UPMC Pinnacle Harrisburg, Harrisburg Hospital, PinnacleHealth,

PinnacleHealth Hospitals, Inc., and/or PinnacleHealth Harrisburg Hospital and provided treatment to plaintiff. Plaintiff is asserting a professional liability claim against this defendant.

13.     Defendant, Lee Blecher, was/is, upon information and belief, a physician licensed to practice medicine in the Commonwealth of Pennsylvania who resides at 14 Canfield Ct., Potomac, MD 20854. Defendant Lee Blecher is a citizen of Maryland. At all times relevant hereto, defendant, Dr. Lee Blecher, was an agent, servant, workman or employee of PinnacleHealth Obstetrics and Gynecology Specialists, PinnacleHealth Medical Services, UPMC Pinnacle Harrisburg, Harrisburg Hospital, PinnacleHealth, PinnacleHealth Hospitals, Inc., and/or PinnacleHealth Harrisburg Hospital and provided treatment to plaintiff. Plaintiff is asserting a professional liability claim against this defendant.

14.     Defendants undertook and/or assumed a duty to plaintiff to render reasonable, competent, proper, adequate and appropriate medical and diagnostic care, advice, service and treatment in connection with plaintiff's birth, problems and conditions and to take appropriate steps and measures to aide in her birth, improve her condition and avoid harm.

15.     Plaintiff and plaintiff's mother relied upon the superior medical knowledge, treatment, advice and diagnostic techniques of defendants.

16.     On August 16, 2001, plaintiff's mother presented to defendants' facility to give birth to plaintiff.

17.     Defendants, Hanford Ndlovu, Beverley A. Hall Ndlovu and Lee Blecher were involved in plaintiff's delivery as well as defendants' physicians, nurses, assistants and technicians at defendants' facility.

18.     Defendants failed to properly deliver plaintiff and were negligent in the care and treatment that they provided to plaintiff at the time of her birth.

19.     On August 16, 2021, plaintiff's mother, Tammy Furjanic, presented to the defendant hospital weighing 245 pounds and being 5 foot tall with a body mass index of 47, making her morbidly obese.

20.     Plaintiff's mother presented to the defendant hospital and came under the care of defendant doctors and nurses for delivery of plaintiff.

21.     During the course of the delivery an epidural was administered for pain relief and plaintiff's mother pushed for several hours but was not able to spontaneously deliver.

22.     During the delivery defendants pulled on the fetal head but were unsuccessful with delivery.

23.     Eventually plaintiff was delivered by defendants.

24.     At the time of delivery plaintiff was born with an apgar score of 7 at one minute, 9 at five minutes.

25.     She had facial bruises, a pan brachial plexopathy involving cervical nerves C5 through thoracic nerve T1 and weighed 9 pounds, 8 ounces.

26.     Plaintiff was born with a head circumference being recorded as 35 cm, her chest circumference as 36 cm.

27.     At the time of delivery of plaintiff there were multiple risk factors present including morbid maternal obesity, excessive weight gain, excessively large new born who was both macrosomic and large for gestational age such that a shoulder dystocia occurred, excessive force was applied to attempt to effect delivery resulting in a traumatic delivery by the defendants and a right brachial plexis injury and residual injury and disability associated with a traumatic delivery.

28.     Defendants' failure to properly and timely deliver plaintiff caused plaintiff

serious injury and disfigurement, including Erb's Palsy and loss of function of her right arm/shoulder.

29.     Defendants' actions fell below the accepted standard of care.

30.     As a direct result of defendants' treatment and negligence, plaintiff suffered hospitalization, injury, pain and suffering.

31.     Due the defendants' negligence, plaintiff was forced to undergo significant medical treatment and incurred significant medical expenses.

32.     As the result of the defendants' deviations from standard of care and negligence, plaintiff sustained significant injury, and pain and suffering.

33.     At the aforementioned time, plaintiff was under the care of defendants and their agents.

34.     Defendants are jointly and severally liable to plaintiff for the injuries and damages claimed herein.

### COUNT I - NEGLIGENCE

**Plaintiff, Bethany Ditzler v. Defendants, Hanford Ndlovu, Beverly A. Hall Ndlovu and Lee <u>Blecher</u>**

35.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

36.     Herein named defendants holds themselves out to be physicians who possess skill and knowledge in their specialities.  Defendants rendered care and treatment to plaintiff and hold/held themselves out to the public as being qualified therefor.

37.     Plaintiff's injuries, losses and damages suffered as a result thereof were proximately caused by defendants' carelessness and negligence as set forth herein.

38.     Defendant physician, failed to exercise the judgment of a reasonable physician under the circumstances as follows:

(a)     Failing to properly diagnose and treat plaintiff's condition;

(b)     Failing to properly treat and deliver plaintiff;

(c)     Failing to properly care for the safety of plaintiff during her delivery;

(d)     Failing to properly supervise the treatment and delivery of plaintiff;

(e)     Failing to extend proper and reasonable services when treating and delivering plaintiff;

(f)     Failing to adequately record plaintiff's symptoms and the treatment provided by defendants;

(g)     Failing to exercise reasonable care and diligence in the application of knowledge and skill to plaintiff's treatment and delivery of plaintiff;

(h)     Failing to use best judgment in the treatment, care, and delivery of plaintiff when treating plaintiff;

(i)     Holding out expertise which induced plaintiff's mother to believe that adequate and proper care would be provided when, in fact, adequate, proper and reasonable care was not provided when treating and delivering plaintiff;

(j)     Failing to recognize standards of good practice in the profession and in treatment and delivery of individuals such as plaintiff;

(k)     Failing to adhere to the accepted procedures of administering treatment to and delivering individuals such as plaintiff;

(l)     Failing to possess the degree of professional learning, skill and ability which others similarly situated, ordinarily possess when treating and delivery plaintiff;

(m)     Failing to exercise reasonable care and diligence in the application of their knowledge and skill to plaintiff's care and delivery;

(n)     Failing to refer plaintiff for appropriate treatment;

(o)     Failing to refer plaintiff to the appropriate specialist;

(p)     Failing to monitor plaintiff's condition;

(q)     Failing to discover and diagnose conditions within plaintiff's body;

(r)     Failing to conform to the required standard of care when treating and delivering plaintiff;

(s)     Failing to properly monitor those employees, individuals, agents, servants and/or workmen under defendants' control who were responsible for treating and delivering plaintiff;

(t)     Failing to investigate plaintiff's symptoms and conditions;

(u)     Failing to properly assess plaintiff's symptoms and obtain appropriate diagnostic studies;

(v)     Failing to properly examine plaintiff and refer her to the appropriate specialist;

(w)     Failing to properly document plaintiff's symptoms; and

(x)     Negligently delivering plaintiff in an improper and untimely manner.

39.     As a direct and proximate result of the conduct set forth above, plaintiff suffered injuries as set forth below, including significant pain and suffering, loss of function/use, disfigurement, hospitalization and injury.

40.     As a direct and proximate result of the conduct set forth above, plaintiff suffered:

(a)     Extended pain and suffering;

(b)      Hospitalization;

(c)      Serious and permanent injury and loss of life's pleasures;

(d)      Large and unnecessary medical bills incurred and that will be incurred in

the future;

(e)      Mental anguish, upset, embarrassment;

(f)      Loss of use/function of her right upper extremity;

(g)      Past and future unreimbursed wage loss, permanent disability and

impairment of her earning power and capacity.

WHEREFORE, plaintiff, asks for judgment against all defendants, jointly and severally,

in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount in excess of

that requiring compulsory arbitration.

### COUNT II - VICARIOUS LIABILITY

**Plaintiff, Bethany Ditzler v. Defendants, PinnacleHealth Obstetrics and Gynecology
Specialists, PinnacleHealth Medical Services, UPMC Pinnacle Harrisburg, Harrisburg
Hospital, PinnacleHealth, PinnacleHealth Hospitals, Inc., and PinnacleHealth Harrisburg
<u>Hospital</u>**

41.      Plaintiff incorporates by reference all preceding paragraphs of this Complaint as

though fully set forth at length.

42.      The physicians and others, including, but not limited to, defendants, Hanford

Ndlovu, Beverley A. Hall Ndlovu and Lee Blecher, physicians, nurses, assistants and

technicians, who act for and on behalf of defendant entities as their agents, servants, employees,

directors or officers of herein named defendants, are held as such.

43.      At all relevant times hereto, defendants' physicians, defendants, Hanford Ndlovu,

Beverley A. Hall Ndlovu and Lee Blecher, nurses, assistants and technicians were acting within

the scope of their employment as agents, servants, employees, directors or officers of said defendants.

44.     Herein named defendants are vicariously liable for the commissions or omissions of defendants' physicians, defendants, Hanford Ndlovu, Beverley A. Hall Ndlovu and Lee Blecher, nurses, assistants, technicians and/or staff, as though the aforesaid defendant entities performed the acts or omissions themselves.

45.     The doctors, defendants Hanford Ndlovu, Beverley A. Hall Ndlovu and Lee Blecher, nurses, assistants, technicians and/or staff who treated the plaintiff, are the ostensible and/or corporate agents of defendant entities, as there was a holding out to the public that the defendants and their employees were affiliated with one another, either as agents, servants or employees or in a joint venture.

46.     As a direct and proximate result of the conduct set forth above, plaintiff suffered injuries as set forth below, including significant pain and suffering, loss of function/use, disfigurement, hospitalization and injury.

47.     As a direct and proximate result of the conduct set forth above, plaintiff suffered:

      (a)    Extended pain and suffering;

      (b)    Hospitalization;

      (c)    Serious and permanent injury and loss of life's pleasures;

      (d)    Large and unnecessary medical bills incurred and that will be incurred in the future;

      (e)    Mental anguish, upset, embarrassment;

      (f)    Loss of use/function of her right upper extremity;

      (g)    Past and future unreimbursed wage loss, permanent disability and

impairment of her earning power and capacity.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount in excess of that requiring compulsory arbitration.

## COUNT III - OSTENSIBLE AGENCY

**Plaintiff, Bethany Ditzler v. Defendants, PinnacleHealth Obstetrics and Gynecology Specialists, PinnacleHealth Medical Services, UPMC Pinnacle Harrisburg, Harrisburg Hospital, PinnacleHealth, PinnacleHealth Hospitals, Inc., and PinnacleHealth Harrisburg Hospital**

48.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

49.     The doctors, defendants Hanford Ndlovu, Beverley A. Hall Ndlovu and Lee Blecher, nurses and/or staff whose identities are unknown provided medical care, treatment and consultation to the plaintiff on the dates at issue and all such individuals held themselves out and/or appeared to plaintiff to be the employees, agents, servants or workmen of herein named defendants.

50.     As such, the physicians, defendants Hanford Ndlovu, Beverley A. Hall Ndlovu and Lee Blecher, nurses and/or staff, were the ostensible agent of herein named defendants.

51.     Herein named defendants are liable to plaintiff for the physical harm caused by the negligence and carelessness of defendants' doctors, nurses and staff and defendants Hanford Ndlovu, Beverley A. Hall Ndlovu and Lee Blecher, as though herein named defendants had themselves committed the acts or omissions as set forth above.

52.     Plaintiff suffered damages as set forth above as a result of the careless and negligent actions and inactions of the agents of herein named defendants.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount in excess of that requiring compulsory arbitration.

### COUNT IV - CORPORATE NEGLIGENCE

**Plaintiff, Bethany Ditzler v. Defendants, PinnacleHealth Obstetrics and Gynecology Specialists, PinnacleHealth Medical Services, UPMC Pinnacle Harrisburg, Harrisburg Hospital, PinnacleHealth, PinnacleHealth Hospitals, Inc., and PinnacleHealth Harrisburg <u>Hospital</u>**

53.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

54.     Herein named defendants were further negligent through their agents, servants, workmen, officers, directors and/or employees under theories of corporate liability in one or more of the following ways and about which they had actual and/or constructive knowledge:

(a)     They failed to fulfill their duty to and failed to select and retain only competent physicians, nurses and/or staff in that they allowed the physicians, nurses, staff and others to practice medicine within their walls when said physicians, nurses and staff were not qualified to do so;

(b)     They failed to retain, train and supervise their physicians, nurses and/or staff who participated in plaintiff's care and delivery;

(c)     They failed to fulfill their duty to properly formulate and adopt adequate rules and procedures to ensure the quality of care provided to patients by defendants, individually and/or by and through their agents, servants, workmen or employees.

(d)     They failed to adequately oversee all persons providing medical care within their walls; and

(e)     They failed to use reasonable care in the maintenance of safe and

adequate facilities by failing to ensure defendants had all the appropriate and functioning

equipment, supplies, medications, and instruments necessary to properly treat and deliver

plaintiff.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally,

in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount in excess of

that requiring compulsory arbitration.

SACCHETTA & BALDINO


By:     /s/Thomas F. Sacchetta
        THOMAS F. SACCHETTA, ESQUIRE
        Attorney for plaintiff