**BARLEY SNYDER**
**Peter J. Faben, Esquire**
**Court I.D. No. 319779**
**126 East King Street**
**Lancaster, PA 17602**
**(717) 299-5201**

*Attorneys for PinnacleHealth Obstetrics*
*and Gynecology Specialists,*
*Pinnacle Health Medical Services,*
*UPMC Pinnacle Hospitals,*
*UPMC Pinnacle and Lee Blecher, M.D.*

---

| | |
|---|---|
| BETHANY DITZLER,<br>                    Plaintiff<br><br>          v.<br><br>PINNACLEHEALTH OBSTETRICS AND<br>GYNECOLOGY SPECIALISTS; UPMC<br>PINNACLE HOSPITALS;<br>UPMC PINNACLE; HANFORD NDLOVU;<br>BEVERLY A. HALL NDLOVU and LEE<br>BLECHER,<br>                    Defendants | IN THE UNITED STATES DISTRICT<br>COURT FOR THE MIDDLE DISTRICT<br>OF PENNSYLVANIA<br><br>NO. 2021-CV-01852<br><br><br>JURY TRIAL DEMANDED |

---

### ANSWER OF DEFENDANTS PINNACLEHEALTH OBSTETRICS AND GYNECOLOGY SPECIALISTS, PINNACLE HEALTH MEDICAL SERVICES, UPMC PINNACLE HOSPITALS, UPMC PINNACLE, AND LEE BLECHER, M.D., TO PLAINTIFF'S COMPLAINT

AND NOW, come Defendants PinnacleHealth Obstetrics and Gynecology Specialists, Pinnacle Health Medical Services, UPMC Pinnacle Hospitals, UPMC Pinnacle, and Lee Blecher, M.D. (collectively, "Answering Defendants"), by and through their counsel, Barley Snyder, and respond to Plaintiff's Complaint and aver the following:

1.      Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment concerning the basis for federal jurisdiction in this matter, but admits that the United States District Court for the Middle District of Pennsylvania is the proper federal venue for this matter, assuming there is federal jurisdiction over this case.

8938956.1

2.      Admitted in part and denied in part.  It is admitted that Plaintiff has filed a professional negligence claim against all defendants arising from care rendered to Plaintiff.  It is specifically denied, however, that this action has any merit.

3.      Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, which is denied and strict proof thereof is demanded at the time of trial.

4.      Denied.  PinnacleHealth Obstetrics and Gynecology Specialists is not an independent legal entity, but a fictitious name owned by Pinnacle Health Medical Services.

5.      Admitted in part and denied in part.  It is admitted that Pinnacle Health Medical Services is a corporation existing under the laws of the Commonwealth of Pennsylvania and that Plaintiff is asserting a professional liability claim against this defendant.  The remaining allegations in this paragraph are denied.  It is also specifically denied that Plaintiff's professional liability claim has merit.

6.      Admitted in part and denied in part.  It is admitted that UPMC Pinnacle Hospitals, improperly named in the Complaint as "UPMC Pinnacle Harrisburg," is a corporation existing under the laws of the Commonwealth of Pennsylvania and that Plaintiff is asserting a professional liability claim against this defendant.  The remaining allegations in this paragraph are denied.  It is also specifically denied that Plaintiff's professional liability claim has merit.

7.      Admitted in part and denied in part.  It is admitted that UPMC Pinnacle Hospitals, improperly named in the Complaint as "Harrisburg Hospital," is a corporation existing under the laws of the Commonwealth of Pennsylvania and that Plaintiff is asserting a professional liability claim against this defendant.  The remaining allegations in this paragraph are denied.  It is also specifically denied that Plaintiff's professional liability claim has merit.

2

8.      Admitted in part and denied in part.  It is admitted that UPMC Pinnacle, improperly named in the Complaint as "PinnacleHealth," is a corporation existing under the laws of the Commonwealth of Pennsylvania and that Plaintiff is asserting a professional liability claim against this defendant.  The remaining allegations in this paragraph are denied.  It is also specifically denied that Plaintiff's professional liability claim has merit.

9.      Admitted in part and denied in part.  It is admitted that UPMC Pinnacle Hospitals, improperly named in the Complaint as "PinnacleHealth Hospitals, Inc.," is a corporation existing under the laws of the Commonwealth of Pennsylvania and that Plaintiff is asserting a professional liability claim against this defendant.  The remaining allegations in this paragraph are denied.  It is also specifically denied that Plaintiff's professional liability claim has merit.

10.     Admitted in part and denied in part.  It is admitted that UPMC Pinnacle Hospitals, improperly named in the Complaint as "PinnacleHealth Harrisburg Hospital," is a corporation existing under the laws of the Commonwealth of Pennsylvania and that Plaintiff is asserting a professional liability claim against this defendant.  The remaining allegations in this paragraph are denied.  It is also specifically denied that Plaintiff's professional liability claim has merit.

11.     Denied.  The averments of this paragraph are directed to a defendant other than Answering Defendant and no response is required.  To the extend a response is required, the allegations in this paragraph are legal conclusions to which no response is required.  It is also specifically denied that Hanford Ndlovu, M.D., was an agent, servant, workman, or employee of Answering Defendants and strict proof thereof is demanded at the time of trial.

12.     Denied.  The averments of this paragraph are directed to a defendant other than Answering Defendant and no response is required.  To the extend a response is required, the

3

allegations in this paragraph are legal conclusions to which no response is required. It is also specifically denied that Beverly A. Hall Ndlovu, M.D., was an agent, servant, workman, or employee of Answering Defendants and strict proof thereof is demanded at the time of trial.

13.     Admitted in part and denied in part. It is admitted that at the time of Bethany Ditzler's birth, Lee Blecher, M.D., was a physician licensed to practice medicine in the Commonwealth of Pennsylvania. It is further admitted that he currently resides at 14 Canfield Ct., Potomac, MD 20854. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the same are denied.

14.     Denied. The allegations in this paragraph are legal conclusions to which no response is required.

15.     Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, which is denied and strict proof thereof is demanded at the time of trial.

16.     Admitted in part and denied in part. This paragraph appears to reference and interpret medical documentation which, being in writing, speaks for itself. To the extent Plaintiff accurately restate or interpret the medical documentation, it is admitted only that Plaintiffs accurately restated or interpreted the medical records. To the extent Plaintiffs inaccurately restated or interpreted the medical documentation, the averments are denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the same are denied.

17.     Admitted in part and denied in part. This paragraph appears to reference and interpret medical documentation which, being in writing, speaks for itself. To the extent Plaintiff accurately restate or interpret the medical documentation, it is admitted only that

4

8938956.1

Plaintiffs accurately restated or interpreted the medical records. To the extent Plaintiffs inaccurately restated or interpreted the medical documentation, the averments are denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the same are denied.

18.     Denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied. It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

19.     Admitted in part and denied in part. This paragraph appears to reference and interpret medical documentation which, being in writing, speaks for itself. To the extent Plaintiff accurately restate or interpret the medical documentation, it is admitted only that Plaintiffs accurately restated or interpreted the medical records. To the extent Plaintiffs inaccurately restated or interpreted the medical documentation, the averments are denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the same are denied.

20.     Admitted in part and denied in part. This paragraph appears to reference and interpret medical documentation which, being in writing, speaks for itself. To the extent Plaintiff accurately restate or interpret the medical documentation, it is admitted only that Plaintiffs accurately restated or interpreted the medical records. To the extent Plaintiffs inaccurately restated or interpreted the medical documentation, the averments are denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the same are denied.

21.     Admitted in part and denied in part. This paragraph appears to reference and interpret medical documentation which, being in writing, speaks for itself. To the extent

8938956.1

Plaintiff accurately restate or interpret the medical documentation, it is admitted only that Plaintiffs accurately restated or interpreted the medical records.  To the extent Plaintiffs inaccurately restated or interpreted the medical documentation, the averments are denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the same are denied.

22.     Admitted in part and denied in part.  This paragraph appears to reference and interpret medical documentation which, being in writing, speaks for itself.  To the extent Plaintiff accurately restate or interpret the medical documentation, it is admitted only that Plaintiffs accurately restated or interpreted the medical records.  To the extent Plaintiffs inaccurately restated or interpreted the medical documentation, the averments are denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the same are denied.

23.     Admitted in part and denied in part.  This paragraph appears to reference and interpret medical documentation which, being in writing, speaks for itself.  To the extent Plaintiff accurately restate or interpret the medical documentation, it is admitted only that Plaintiffs accurately restated or interpreted the medical records.  To the extent Plaintiffs inaccurately restated or interpreted the medical documentation, the averments are denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the same are denied.

24.     Admitted in part and denied in part.  This paragraph appears to reference and interpret medical documentation which, being in writing, speaks for itself.  To the extent Plaintiff accurately restate or interpret the medical documentation, it is admitted only that Plaintiffs accurately restated or interpreted the medical records.  To the extent Plaintiffs inaccurately restated or interpreted the medical documentation, the averments are denied.

8938956.1

Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the same are denied.

25.   Admitted in part and denied in part.  This paragraph appears to reference and interpret medical documentation which, being in writing, speaks for itself.  To the extent Plaintiff accurately restate or interpret the medical documentation, it is admitted only that Plaintiffs accurately restated or interpreted the medical records.  To the extent Plaintiffs inaccurately restated or interpreted the medical documentation, the averments are denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the same are denied.

26.   Admitted in part and denied in part.  This paragraph appears to reference and interpret medical documentation which, being in writing, speaks for itself.  To the extent Plaintiff accurately restate or interpret the medical documentation, it is admitted only that Plaintiffs accurately restated or interpreted the medical records.  To the extent Plaintiffs inaccurately restated or interpreted the medical documentation, the averments are denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the same are denied.

27.   Admitted in part and denied in part.  This paragraph appears to reference and interpret medical documentation which, being in writing, speaks for itself.  To the extent Plaintiff accurately restate or interpret the medical documentation, it is admitted only that Plaintiffs accurately restated or interpreted the medical records.  To the extent Plaintiffs inaccurately restated or interpreted the medical documentation, the averments are denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the same are denied.

8938956.1

28.     Denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

29.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

30.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

31.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

32.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

33.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

34.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.  It is further

8938956.1

specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

## COUNT I – NEGLIGENCE

### Plaintiff, Bethany Ditzler v. Defendants, Hanford Ndlovu, Beverly A. Hall Ndlovu and Lee Blecher

35.     Answering Defendants incorporate by reference all preceding paragraphs of this Answer as though fully set forth at length.

36.     Admitted in part and denied in part. It is admitted only that Lee Blecher, M.D., was a physician at the time of Plaintiff's delivery and possessed the appropriate skill and knowledge. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the same are denied.

37.     Denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied. It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

38.     Denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, this paragraph and its subparagraphs are denied. It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

39.     Denied. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied. It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

8938956.1

40.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph and its subparagraphs are denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

WHEREFORE, Defendants PinnacleHealth Obstetrics and Gynecology Specialists, Pinnacle Health Medical Services, UPMC Pinnacle Hospitals, UPMC Pinnacle, and Lee Blecher, M.D., demand judgment in their favor and against Plaintiff.

## COUNT II – VICARIOUS LIABILITY

**Plaintiff, Bethany Ditzler v. Defendants, PinnacleHealth Obstetrics and Gynecology Specialists, Pinnacle Health Medical Services, UPMC Pinnacle Hospitals, UPMC Pinnacle and Lee Blecher, M.D.**

41.     Answering Defendants incorporate by reference all preceding paragraphs of this Answer as though fully set forth at length.

42.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.

43.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.

44.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

45.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

8938956.1

46.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

47.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph and its subparagraphs are denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

WHEREFORE, Defendants PinnacleHealth Obstetrics and Gynecology Specialists, Pinnacle Health Medical Services, UPMC Pinnacle Hospitals, UPMC Pinnacle, and Lee Blecher, M.D., demand judgment in their favor and against Plaintiff.

## COUNT II – OSTENSIBLE AGENCY

**Plaintiff, Bethany Ditzler v. Defendants, PinnacleHealth Obstetrics and Gynecology Specialists, Pinnacle Health Medical Services, UPMC Pinnacle Hospitals, UPMC Pinnacle**

48.     Answering Defendants incorporate by reference all preceding paragraphs of this Answer as though fully set forth at length.

49.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.

50.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.

51.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

11

52.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph is denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

WHEREFORE, Defendants PinnacleHealth Obstetrics and Gynecology Specialists, Pinnacle Health Medical Services, UPMC Pinnacle Hospitals, UPMC Pinnacle, and Lee Blecher, M.D., demand judgment in their favor and against Plaintiff.

## COUNT IV – CORPORATE NEGLIGENCE

**Plaintiff, Bethany Ditzler v. Defendants, PinnacleHealth Obstetrics and Gynecology Specialists, Pinnacle Health Medical Services, UPMC Pinnacle Hospitals, UPMC Pinnacle**

53.     Answering Defendants incorporate by reference all preceding paragraphs of this Answer as though fully set forth at length.

54.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, this paragraph and its subparagraphs are denied.  It is further specifically denied that Answering Defendants or their agents or employees were negligent in the care and treatment provided to Plaintiff.

WHEREFORE, Defendants PinnacleHealth Obstetrics and Gynecology Specialists, Pinnacle Health Medical Services, UPMC Pinnacle Hospitals, UPMC Pinnacle, and Lee Blecher, M.D., demand judgment in their favor and against Plaintiff.

## <u>AFFIRMATIVE DEFENSES</u>

1.     Plaintiff fails to state a claim upon which relief may be granted against Answering Defendants.

2.     Some or all of Plaintiff's claims may be barred by the statute of limitations.

3.     Some or all of Plaintiff's claims may be barred by the doctrine of laches.

12

8938956.1

4.       Plaintiff's recovery is barred in whole or in part to the extent of any failure to mitigate damages.

5.       Plaintiff's claims are barred in whole or in part to the extent that the doctrines of res judicata and/or collateral estoppel apply.

6.       Plaintiff may have entered into a release with third parties with the effect of discharging Answering Defendants in this action or limiting the claims or recovery against them.

7.       Answering Defendant raises all affirmative defenses set forth in the Medical Care, Availability and Reduction of Error (MCARE) Act, 40 P.S. §1303.101, *et seq*., as a limit/bar to Plaintiff's claims.

8.       If any injuries or damages were suffered as alleged, they may have been caused by the conduct of third parties for whom Answering Defendant is not liable.

9.       If any injuries or damages were suffered as alleged, the negligent acts and/or omissions of third parties may have constituted intervening, superseding causes of such injuries and/or damages.

10.      If any injuries or damages were suffered as alleged, they may have been the natural and progressive result of Plaintiff's medical condition, and not the result of any negligence by Answering Defendants.

11.      To the extent that discovery or the evidence at trial may establish that the Plaintiff was negligent and that such negligence caused or contributed to cause the injuries and damages of which Plaintiff complains, Answering Defendant expressly reserves the right to assert the affirmative defenses of contributory negligence, comparative negligence, and/or assumption of the risk.

8938956.1

12.     Answering Defendants assert all restrictions on joint and several liability as provided in the Fair Share Act, codified at 42 Pa. C.S. § 7102.

13.     At all times relevant hereto, Answering Defendants provided care and treatment to Plaintiff which was commensurate with the standard of care applicable under like circumstances.

BARLEY SNYDER LLP

Date: _November 22, 2021_          BY: _Peter Faben_

Peter J. Faben, Esquire
126 East King Street
Lancaster, PA  17602-2893
717.299.5201

## CERTIFICATE OF SERVICE
[Ditzler v. PinnacleHealth Obstetrics and Gynecology Specialists]

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer has been

served this _22nd_ day of _November_ , 2021, by CM/ECF and email, upon:

Thomas F. Sacchetta, Esquire
Sacchetta & Baldino
308 East Second Street
Media, PA  19063

Andrew H. Foulkrod, Esquire
Eric Lauerman, Esquire
Cipriani &Werner
1011 Mumma Road, Suite 201
Lemoyne, PA  17043-1145

BARLEY SNYDER LLP

BY: _Peter Faben_

Peter J. Faben, Esquire
126 East King Street
Lancaster, PA  17602-2893
717.299.5201

8938956.1