UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHANY DITZLER, | : | CIV. NO. 1:21-cv-01852 |
| | : | |
| Plaintiff, | : | (Judge Neary) |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| PINNACLEHEALTH OBSTETRICS AND GYNECOLOGY SPECIALISTS, *et al.*, | : : : | |
| | : | |
| Defendants. | : | |

**ORDER**
November 20, 2025

**IT IS ORDERED** that a settlement conference is **SCHEDULED** for **February 10, 2026, at 10:00 a.m.**, via Zoom videoconference, before the undersigned. The Court will distribute Zoom invitations to counsel in due course.

Counsel are advised that their client representatives, including but not limited to insurance representatives and adjusters, with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion and the realistic freedom to exercise such discretion without negative consequences, in order to settle a case during the settlement conference, if appropriate, without consulting someone else who is not present. Furthermore, this individual must have full authority up to the amount of

plaintiff's demand. I expect the lawyers and the party representatives to be fully prepared to participate, and all the parties are encouraged to keep an open mind in order to re-assess previous positions.

In the event that counsel appear for the conference without their client representatives authorized as described above, I may, in my discretion, cancel or reschedule the settlement conference. The non-complying party, attorney, or both, may also be assessed the costs or expenses incurred by other parties as a result of such cancellation or rescheduling, as well as any additional sanctions deemed appropriate by the court.

**IT IS ALSO ORDERED** that on or before **February 3, 2206**, each party shall submit a settlement memorandum to my Chambers by email at [magistrate_judge_schwab@pamd.uscourts.gov](magistrate_judge_schwab@pamd.uscourts.gov), not on the Court's docket. In the settlement memoranda, the parties shall provide a specific recitation of the facts, a discussion of the strengths and weaknesses of the case, and the parties' positions on settlement, including a report on settlement efforts to date. If not already part of the Court's record, copies of any critical agreements, business records, photographs, or

other documents or exhibits shall be attached to the settlement memoranda. The memoranda, though, should not be lengthy; instead, they should contain enough information to be useful in analyzing the factual and legal issues in this case.

*<u>S/Susan E. Schwab</u>*
Susan E. Schwab
United States Magistrate Judge